IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| LATREZ MAYS, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:23-cv-01107-JDB-jay ) |
| ARCHER DANIELS MIDLAND COMPANY, | ) ) ) ) |
| Defendant. | ) ) ) ) |

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER

On June 6, 2023, Plaintiff, Latrez Mays, filed a pro se complaint under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), claiming that Defendant, Archer Daniels Midland Company ("Archer Daniels"), engaged in unlawful discrimination on the basis of race. (Docket Entry "D.E." 1.) Federal law provides that the clerk of each district court shall require parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $402.00.[1] 28 U.S.C. § 1914(a). To ensure access to the courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by submitting an *in forma pauperis* affidavit. Under that section, the

---

[1] Title 28 U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $52 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking such standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

On June 12, 2023, the Magistrate Judge ordered Mays to submit a properly completed application to proceed *in forma pauperis* or pay the $402 civil filing fee within thirty days. (D.E. 6.) Plaintiff was warned that failure to respond to the order within the time specified may result in dismissal of the action. Mays did not respond or submit an application and on July 20, 2023, he was ordered to show cause within fourteen days why the lawsuit should not be dismissed. (D.E. 7.) As of August 7, 2023, Mays has not responded to the show cause order.

Rule 41(b) provides for dismissal of actions "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication on the merits." *Id.* The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). However, as the Sixth Circuit has explained, "[i]n interpreting the district court's authority under Rule 41(b) to dismiss a party's action for failure to prosecute or comply with a court order, this court has frequently cautioned that such a dismissal is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (citations and quotation marks omitted.

In determining whether dismissal is appropriate, the district courts are to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Richter v. Am. Aggregates Corp.*, 522 F. App'x 253, 259 (6th Cir. 2013) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). While no one factor is outcome determinative, "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737.

In order for a plaintiff's actions to constitute bad faith, willfulness, or fault, they must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). Although there is no evidence of bad faith on Mays's part, his failure to obey the Court's orders indicates willfulness or fault. *See Howe v. Worley*, Case No. 2:21-cv-00006, 2022 WL 1164918, at *2 (M.D. Tenn. Mar. 7, 2022) (failure to respond to show cause order, where court instructed party that such failure could result in dismissal, was indicative of willfulness or fault for Rule 41(b) purposes), *report and recommendation adopted*, 2022 WL 1164018 (M.D. Tenn. Apr. 19, 2022). Indeed, Plaintiff has been directed twice to either submit an application to proceed *in forma pauperis* or pay the civil filing fee. (D.E. 6, 7.) However, since filing his complaint, Mays has been entirely uncommunicative. While pro se litigants are afforded some leniency in legal matters, that leniency has its limits. *Vander Boegh v. Harless*, Civil Action No. 5:18-CV-123-TBR, 2022 WL 542887,

at *5 (W.D. Ky. Feb. 23, 2022).  "[T]he generous latitude afforded to pro se litigants by the courts with respect to their pleadings does not extend to readily understood orders and deadlines." *Sobolewski v. Ford Motor Co.*, Case No. 1:21-cv-00089, 2022 WL 1460617, at *4 (N.D. Ohio Feb. 15, 2022), *report and recommendation adopted*, 2022 WL 1124782 (N.D. Ohio Apr. 15, 2022).

This case is in the earliest stages of litigation and summons has not been issued to execute. As such, Defendant has yet to appear and thus is unlikely to suffer any prejudice with dismissal. Still, as another district court in this circuit observed, "[a]ll parties have a right to a just and prompt resolution of their cases[;] [t]he failure to advance litigation . . . prejudices the [defendant] and reflects the type of situation where the [c]ourt should intervene." *Stacker v. Wal-Mart Inc.*, Civil No. 3:20-cv-901, 2021 WL 6495024, at *3 (M.D. Tenn. Dec. 9, 2021), *report and recommendation adopted*, 2022 WL 125023 (M.D. Tenn. Jan. 12, 2022).

Notice, the third factor, is "key" to a court's determination as to whether dismissal is appropriate. *Schafer*, 529 F.3d at 737.  As noted, the Court has twice advised Plaintiff that failure to comply with its orders could result in dismissal.  As there is no indication from the record that Mays did not receive the orders notifying him of what was required and the consequences of noncompliance, this factor favors dismissal.

As for the fourth factor, this Court issued a show cause order, which offered Plaintiff the opportunity to avoid dimissal.  *See Harper v. Houston*, No. 2:17-cv-02132-STA-cgc, 2020 WL 3260069, at *5 (W.D. Tenn. June 16, 2020) (show cause order constitutes consideration of less drastic measures prior to dismissal).  It does not appear to the Court that Plaintiff desires to pursue this matter further.

4

For the reasons articulated herein, the factors to be considered by the Court weigh in favor of dismissal.  This lawsuit is DISMISSED for failure to prosecute and comply with court orders pursuant to Fed. R. Civ. P. 41(b) and the Clerk is DIRECTED to enter judgment.

IT IS SO ORDERED this 8th day of August 2023.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE